(65 App. Div. 130.)

In re ARKELL.

CUSHMAN et al. v. ARKELL et al.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. BANKRUPTCY — JUDGMENTS DISCHARGEABLE — ACTION FOR BREACH OF CONTRACT.

Plaintiffs alleged that, in pursuance of a contract to organize a corporation which was to purchase certain property of them, they delivered the property to defendants, who commenced certain alterations. Then followed allegations of representations inducing the contract, that the same were untrue, and that the property was redelivered. Defendants denied the misrepresentations. At the trial a compromise was effected; judgment was entered against defendant for a certain sum, and the parties stipulated that the claim set out in the complaint be limited to, and construed as asking for, the recovery of a money judgment, and enforceable against property, but not against the person. *Held*, that the action was for a breach of contract, and hence the judgment was dischargeable in bankruptcy under the national bankruptcy act of 1898 (chapter 3, § 17, subd. 2), providing that discharges in bankruptcy shall not apply to judgments in actions for fraud or obtaining property by

false pretenses, or for willful and malicious injuries to the person or property of another.

**2. APPEAL—QUESTION REVIEWABLE.**

Where on an application to open a default order vacating a judgment in an action for breach of contract, as discharged in bankruptcy under the national bankruptcy act of 1898 (chapter 3, § 17, subd. 2), no evidence is offered to show that, notwithstanding the form of the complaint and a stipulation of the parties, the original debt was created by fraud, the question of the admissibility of such evidence on such application cannot be raised on appeal.

Appeal from special term.

Action by Wilbur E. Cushman and others against William J. Arkell and others. From an order denying a motion to vacate an order entered by default, discharging a judgment, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, HATCH, O'BRIEN, and INGRAHAM, JJ.

Frank Moss, for appellants.

Henry K. Davis, for respondent.

INGRAHAM, J. ◦ The defendant, a judgment debtor, made a motion to vacate a judgment entered against him in this action upon the ground that the judgment had been discharged in bankruptcy subsequent to its rendition. This motion was granted by default, and an order was entered on the 2d of May, 1900, canceling the judgment. On November 21, 1900, the plaintiff noticed a motion to open the default and permit the plaintiff to oppose the motion, and that the said motion be denied. This latter motion came on to be heard at special term, and the court seems to have considered it upon its merits, and denied it upon the ground that the judgment entered in this action was discharged by the discharge in bankruptcy. . Section 17 of chapter 3 of the national bankruptcy act of 1898 (30 Stat. 550) specifies the debts not affected by a discharge, and subdivision 2 provides that a discharge in bankruptcy·shall not apply to "judgments in actions for fraud, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another"; and it seems to be conceded that, unless the judgment recovered in this action comes within this provision, the motion was properly denied. The complaint in the action in which the judgment was obtained is quite involved, and it is somewhat difficult to determine just the cause of action the plaintiffs intended to allege. An examination, however, would seem to indicate that the cause of action was for a breach of a contract made by the defendants to organize a corporation, which corporation was to purchase certain business and property owned by the plaintiffs. It is alleged that in pursuance of such a contract the plaintiffs delivered the possession of the building in which their business had been carried on to the defendants, who commenced to make certain alterations in the building, which were never completed; and the complaint alleges various representations and assurances made by the defendants to induce the plaintiffs to execute this agreement, and to deliver the possession of the prem-

ises to the defendants; that such representations were not. true; that the defendants did not intend to organize the corporation for the purpose of carrying on the business described, but were endeavoring to organize what is called a "bread trust"; that a corporation was to be formed for that purpose, which purpose was not carried out; and that thereupon the defendants redelivered the possession of the property to the plaintiffs. These allegations of misrepresentations are somewhat indefinite, and there is considerable doubt whether there would be sufficient to sustain a recovery for a fraud. The defendants interposed an answer denying most of the allegations of the complaint, setting forth that a contract was made between the plaintiffs and the defendants, but specifically denying all of the allegations that could be said to allege any misrepresentations by either of the defendants. When the action was ready for trial a compromise was suggested, and, as a result of the negotiations for such a compromise, the defendants offered the plaintiffs a judgment for $20,000, which offer was accepted, and upon which offer the judgment in question was entered. The cause of action alleged was for a breach of a contract by the defendants; and, so far as a recovery in the action is concerned, the allegations of misrepresentations were merely surplusage, and did not at all affect the right of the plaintiffs to recover. Under the Code of Civil Procedure, however, to have entitled the plaintiffs to an order of arrest against the defendants, upon the ground that the contract sued on was induced by fraud, it would have been necessary to allege in the complaint and prove upon the trial the allegations of fraud thus relied on. So far as appears, these allegations of fraud were only essential if the plaintiffs intended to obtain an order of arrest. As no such order of arrest had been obtained, the plaintiffs would have been entitled to judgment by proving a breach of contract and the damages sustained thereby, without proving the allegations of misrepresentations contained in the complaint. When, however, the compromise was effected, the stipulation offering the plaintiffs to take judgment for $20,000, which was signed by the parties to the action, and upon which the judgment was entered, contained this provision:

"It is stipulated that the claim set out in the complaint in this action be limited to, and construed as asking for the recovery of, a money judgment, and enforceable against property, but not against the person."

There is some dispute between the attorneys for the respective parties as to the agreement upon which this stipulation was based. The attorney for the defendants says that the understanding was that all allegations of fraud should be eliminated from the complaint, but this is denied by the attorney for the plaintiffs, who says that the understanding was that the defendants should not be arrested. But, however that may be, the provision of the stipulation is not that the plaintiffs will not obtain an order of arrest or issue such an execution, but that the claim set out in the complaint in the action be limited to, and considered as asking for, a money judgment, and enforceable against property, and not against the person. The parties to that stipulation could only have intended that the

complaint must be considered as one asking for a judgment which could be enforced only against property, and the complaint, thus considered, would be one based upon a breach of a contract, and not upon fraud or misrepresentations. The judgment entered on that stipulation could not be a judgment in an action for fraud, or for obtaining property by false pretenses or misrepresentations. The legal effect of this stipulation would therefore be to eliminate from the complaint all allegations which would justify a judgment entitling the plaintiffs either to an order of arrest or an execution against the person, and, with such allegations eliminated, the judgment would not be one recovered in an action for fraud or obtaining property by false pretenses or misrepresentations. Whether or not it would be competent for the plaintiff to prove upon this application that, notwithstanding the form of the complaint and the stipulation, the original debt was created by fraud of the debtor, it is not necessary that we should determine, as no effort was made to prove that fact. We have only the allegations of the verified complaint, met by the direct denial of the defendant, and verified by him. If the plaintiffs had desired to raise that point, they should have offered independent evidence upon the motion, which would have justified the court in finding that the damage to recover for which the action was brought was in fact caused by the fraud of the defendants.

I think that the question was correctly decided below, and that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.